IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES NEIL THURSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-390 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he has been disabled since December 31, 2013. (ECF No. 7-7, p. 2). Administrative Law Judge ("ALJ"), Christian Bareford, held a hearing on December 6, 2016. (ECF No. 7-3, pp. 19-46). On March 14, 2017, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Act.

---
[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

(ECF No. 7-3, pp. 5-14).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Weighing of Opinion Evidence in Determining a Residual Functional Capacity (RFC)**[2]

In this case, the ALJ determined Plaintiff has the RFC[3] to perform light work with various

---

[2] Plaintiff raises six arguments. (ECF No. 10, p. 3). I find Plaintiff's argument regarding the weighing of opinion evidence to be a threshold argument and, therefore, discuss that argument first.

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

3

physical limitations. (ECF No. 7-3, p. 8). Plaintiff submits that the ALJ improperly based his RFC assessment on his own medical analysis of his impairment. (ECF No. 10, pp. 3, 12-13,15). In support of the same, Plaintiff argues that the ALJ rejected all opinion evidence and then proceeded to formulate an RFC based on his own interpretation of the medical evidence. *Id.* As such, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and remand is appropriate. *Id.* After a review of the record, I agree.

In this case, the ALJ gave little weight to all of the opinion evidence. (ECF No. 7-3, pp. 11-12). After discounting all of the opinion evidence, there is no other opinion evidence of record regarding Plaintiff's functional abilities upon which the ALJ could have relied upon in forming the RFC for Plaintiff. *Id.* Yet, the ALJ formulated an RFC with various limitations. (ECF No. 7-3, p. 8). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). Additionally, I note that the ALJ found Plaintiff's symptoms "are not entirely consistent with the medical evidence and other evidence" and Plaintiff's allegations are "out of proportion to and inconsistent with the evidence of record." (ECF No. 7-3, pp. 9, 11). Consequently, after a review of the record, I find the ALJ's opinion is not based on substantial evidence and remand is warranted.[4]

An appropriate order shall follow.

---

[4] Since I am remanding as set forth above, the other issues raised by Plaintiff will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument it at this time. I do note for clarity purposes, however, that on remand the ALJ should address Plaintiff's alleged asthma.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES NEIL THURSTON, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No.   18-390
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 14th day of, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted and Defendant's Motion for Summary Judgment (ECF No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                      BY THE COURT:

                                      s/   Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.